[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
In the motion for summary judgment filed by the plaintiff employer it is claimed that the terms of an employment contract as regards sick day accrual and payment are clear and unambiguous. The defendant claims that prior practices of the plaintiff while not included in the language of the agreement were nonetheless within the intentions of the parties in drafting the language in issue.
Summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of intent. Batick v. Seymour, 186 Conn. 632. While it is an established principle of law that parol evidence is inadmissible to vary or contradict the terms of a written instrument it is admissible if relevant to explain an ambiguity appearing in the instrument. The determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties and an inference of fact. Bead Chain Mfg.Co. v. Saxton Products, Inc. 183 Conn. 266. And while counsel for the plaintiff notes the clauses in both contracts concerning integration, Justice Peters in the same Bead Chain case Supra p. 278 notes that the presence of an integration clause in a contract does not preclude the introduction of prior statements that serve to clarify the meaning of the integrated contract.
It appears to the court that there are disputed issues of fact and varying inferences to be drawn from such facts which suggest a trial is the appropriate forum for resolution.
The motions for summary judgment as filed by both parties are denied.
George W. Ripley, Judge